PERHAM E. DURELL vs. HARTWELL, WILLIAMS & KINGSTON.

PROVIDENCE—APRIL 20, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Negligence. Elevators. Custom.*

Plaintiff was employed by parties decorating a building in process of erection by defendants as contractors. Defendants operated a temporary elevator through openings left in the floor. The employers of plaintiff used a staging which was moved about as needed. While plaintiff was at work on the staging, which had been so placed as to project into the elevator-well, the elevator hit the staging, injuring plaintiff. Plaintiff alleged ignorance that the staging projected into the well, but charged that defendants knew or by the exercise of due care could have known of it. Plaintiff further

alleged that it was the custom, in cases where persons were working near temporary elevators, to give notice of the operation of the elevators, and charged defendants with such duty.

*Held*, that an allegation of ignorance amounted to nothing where the danger was obvious, as in the case stated, and so must have been or should have been known to plaintiff.

*Held*, further, that from that facts stated the duty of warning would rather have been upon the plaintiff's side than upon the defendant's, since the plaintiff was not employed by defendants and it was not alleged that defendants moved or knew of the moving of the staging.

*Held*, further, that the allegation of the custom was too vague to enable the court to pass upon it.

TRESPASS ON THE CASE for negligence.    Heard on demurrer to declaration, and demurrer sustained.

STINESS, C. J.   The declaration sets out that the plaintiff was employed by parties who were decorating a building in process of erection by the defendants, as contractors.   The defendants operated a temporary elevator, through openings left in the floors, for hoisting materials.   The decorators used a staging, which was moved about as needed for their work. On August 26th, 1903, the plaintiff was at work upon the staging, and it had been so placed as to project into the elevator-well.   The declaration also alleges that the elevator, while in operation, hit the staging, knocking the plaintiff off and injuring him.   Under these general facts the declaration has four counts—

That the plaintiff was ignorant that the staging projected into the well, but the defendants knew, or by the exercise of due care could have known, that it so projected, and that they, without warning to the plaintiff, so operated the elevator that it was driven against the staging;

That it was the duty of the defendants to give notice to those at work on the staging when the elevator was about to be put in motion;

That it was the defendant's duty to give notice, with the addition of plaintiff's ignorance of the projection;

That it was the custom, in the operation of such elevators, to give notice.

Three questions arise under these counts: the effect of the

allegations of the plaintiff's ignorance; the defendants' duty of warning; and the alleged custom.

(1) . An allegation of ignorance amounts to nothing when the circumstances stated show that the danger was obvious, and so must or should have been known to the plaintiff. *Pintorelli* v. *Horton,* 22 R. I. 374; *Baumler* v. *Narragansett,* 23 R. I. 611; *Milhench* v. *Jenckes,* 24 R. I. 131; *Russell* v. *Riverside,* 24 R. I. 591; *Larich* v. *Moies,* 18 R. I. 513.

In this case the fact that the staging projected into the elevator-well was as obvious to the plaintiff as it could be to the defendants. He could easily have seen that a board overhung the hole in the floor. The operator of the elevator, three floors below, could only see the overhang, unless it was of considerable extent, by sighting upwards, if there were anything to guide his sight. But if it were of considerable extent it would be all the more apparent to the plaintiff.

As to the defendants' duty of warning, there is no sufficient allegation to charge the defendants with such duty. The plaintiff was not in the employ of the defendants.

The staging in use was, apparently, that of the plaintiff's employer, but clearly it was under the direction of and moved about by such employer or his workmen, including the plaintiff, as required for their work. The opening in the floors was of itself notice that the elevator was liable to come up there.

It is not claimed that the defendants moved the staging over the hole, nor that they knew it was so moved. The declaration states that the defendants "knew, or by the exercise of reasonable care could have known, that a portion of the staging projected into the elevator-well." This is not an allegation that the defendants knew, but only that they might have known by the exercise of due care. This raises the question whether they were bound to know that the staging was so placed. No facts appear to raise such a presumption. They cannot be presumed to have known or to have looked for a staging over so dangerous a place as an elevator-well in use, without warning to them.

From the facts stated the duty of warning would rather be upon the plaintiff's side than upon the defendants'. The plain-

tiff, or his employer, was obstructing a passageway for the elevator already there and in use. One who puts an obstruction in the way of another should be the one to give warning.

The plaintiff alleges that "it is the custom in the operation of such temporary elevators, in cases where persons are engaged in work in the buildings in which such elevators are situated near to such elevator wells, to give notice when such elevators are about to be operated so that persons engaged near the elevator-wells can avoid the danger incident to the operation of such elevators, which said notice it was then and there the duty of said defendants, their servants, and agents, under the circumstances aforesaid, to give," etc.

This allegation is very vague. It does not state whether it was a custom of the defendants, or of certain other persons, or a local or a general custom, or a custom known to the defendants.

The first three counts state no violation of duty on the part of the defendants; and as the fourth count makes no sufficient statement of a custom, by which it is claimed that they are liable, we do not pass upon the question of custom.

Demurrer to the declaration sustained.

*Barney & Lee*, for plaintiff.

*John Henshaw*, for defendants.